FILED
CLERK, U.S. DISTRICT COURT
11-30-2021
CENTRAL DISTRICT OF CALIFORNIA
BY: KD  DEPUTY

LEWELLYN CHARLES COX IV
REG NO. 48963-112
P.O. Box 26020
Beaumont Tx 77720
Beaumont Federal Prison

UNITED STATES DISTRICT COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

(Soutern Division)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff/Resondant,<br><br>v.<br><br>LEWELLYN CHARLES COX IV,<br>  Defendant/Petitioner. | Case No. SA-20-02064-DOC<br>Crim Case No. 09-0248-DOC<br><br>Motion for Summary Judgment<br>Citing Failure to Address<br>Vindictive Prosecution |

Comes now, the Petitioner Lewellyn Charles Cox IV, contends that he is represented by counsel but due to failure to communicate seeks an order and notice by the Court.

The Petitioner, contends that he has lost all communication with his counsels both Christopher Darden and Joe Virgilio. After several attempted communications he has not received communication with his counsel of record. Due to lack of communication, Cox in pro se seeks to make the Court aware that the Government has failed to respond to Cox's 2255 in Section D alleging "Vindictive Prosecution". At Page 24 of Cox's §2255, Cox alleges that the prosecutor on his case, used fabricated six pack photo identification evidence to allege that Cox was responsible for Overt Act 1 through 7, in Count One to establish the duration of the alleged conspiracy as charged in the Indictment.

Pg 1

Specifically the Indictment alleged that Cox passed a check jointly with co-defendant Angus Brown on "5/16/2005" to Jessica Bacque. This allegation formed the only means of any implicit or expressed agreement in 2005 to allege that a conspiracy formed in 2005 and continued to February 11, 2011. Without Overt Act Number One, there was no allegation to begin the conspiracy with the Petitioner until 2009. This is material, because without Overt Act No. 1, in ~~Coput~~ COUNT One (Conspiracy to commit Bank Fraud §1349), the allegation would lose the ability to reach a §8 million actual loss for restitution and sentencing guideline calculation, and would have been limited to $4 million actual loss for the entire conspiracy. In essence the fake evidence drove up loss amount using Overt Act No. 1, as the single fabricated evidence to allow the use of a clear and convincing evidence standard decided by the Court.

In Addition, Counsel for the Government alleged using fabricated evidence, that Cox was identified in 2005 passing a stolen check to 3 individuals making probable cause to allege Counts 2, 3, 4, and 5 (§1344 Bank Fraud). The fabricated evidence was 3 separate six pack photo line-ups, showing 6 photos on a single page, with Cox's 2008 photo in position 4. Shown on the face of each single page six pack photo line up, was the interview date which alleged ~~the~~ the interview occured on "11/02/05", "11/03/05", and "11/16/05" for witness Jessica Bacque aka "JB", Guadelupe Mendoza aka "GM", and Ronisha Jessie aka "RJ" (initials as listed in Count 2 through 5). Cox, contends that he was the victim of "vindictive prosecution", because without the six packs

alleging that Cox's photo, was identified at these 3 separate interviews in 2005, 3 years before his photo was photographed. The implications of these facts placed at the feet of the Court suggests that the evidence was in fact fabricated in order to obtain probable cause from a Grand Jury.

So, as listed in Cox's initial opening brief at Docket Entry 1, he declred with sufficient clarity under oath in his attached declaration that his photo is a photograph taken at the California Parole Office in October 2008. He attached a Declaration from his Ex-Wife Jamala Pratt declaring that she ~~in~~ witnessed the mugshot being photographed at the Parole Office in October 2008.

The Petitioner contends that this is a fact that required the Government to rebut, in order to survive a summary judgment vacating Cox's conviction due to vindictive prosecution. The Petitioner listed <u>Bordenkircher v Hayes</u> Supreme Court case in 1979, which forbids a prosecutor from using threats of additional charges that lack probable cause. Cox, contends that he did not know that his mugshot was photographed in 2008, because he was not allowed to see a clear six pack containing the pictures used as probable cause to charge Count One, Overt Act 1 through 7, Count 2, 3, 4, and 5. Cox, declared that the threat of Count 2, 3, (Witness JB), Count 4 (Witness RJ), and Count 5 (Witness GM) alleged identification influenced his guilty plea. Cox, declared that had he known that the Government fabricated evidence to obtain probable cause at the Grand Jury, he would not have pled guilty but instead went to trial. Cox, also stated that he did not know he was in jail on "5/23/05" which the Government knew

and therefore should have dismissed instead of using as a threat in Count 3.

Because, the prosecutor knew that he did not have probable cause to threaten these counts, but instead filed these false counts and used them as a threat which influenced Cox's guilty plea, the prosecutor committed vindictive prosecution.

Pursuant to Federal Rules of Civil Procedure 56(e), a petitioner may request a "Summary Judgment".

**RULE 56(e)**

"Failing to properly support or address a fact. If a Party fails to properly support an assertion or fact or fails to properly address another party's assertion of facts as required by Rule 56(c), the court may:"

(1) "Give an opportunity to properly support or address the fact;"

(2) "Consider the fact undisputed for purposes of the motion"

(3) "Grant summary judgment if the motion and supporting material -- including the fact considered undisputed -- show that the movant is entitled to it or"

(4) "Issue any other appropriate order"

The Petitioner asks this Court to "give an opportunity to ... address the fact", to the Government, or employ Rule 56(e)(3) and grant Cox's §2255 vindictive prosecution motion.

Respectfully Submitted, Cox quotes Guam v Fergurgur, 800 F.2d 1470 (9th Cir.1986):

"Prosecutorial discretion to charge is very broad. The cases suggest only two limitations. A prosecutor may not selectvely enforce law based on the race or religion of a defendant. Nor may a prosecutor bargain with threats of charges which he has no probable cause to believe are Warranted"

Submitted, _____ Date 11/22/21

Pg 4



Lewellyn Cox
Reg # 40963-112
Beaumont-Low-Fcc
P.O. Box 26020
Beaumont TX 77720

U.S. District Court
411 W. Fourth St
Santa Ana CA 92701

LEGAL MAIL

NORTH HOUSTON TX 773
26 NOV 2021 PM 5 L

RECEIVED
CLERK, U.S. DISTRICT COURT
NOV 30 2021
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

DOC

S2701-451653